IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIAM CURTIS JONES,** | § | |
| **Plaintiff,** | § | |
| V. | § | |
| | § | |
| **JENNIFER ELAINE DOORNBOS, ET AL.,** | § | A-25-CV-1931-DAE-ML |
| | § | |
| **Defendants.** | § | |

### ORDER ON *IN FORMA PAUPERIS* STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of the Complaint pursuant to 28 U.S.C. § 1915(e).

**I.     REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the Complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the Complaint and is recommending the case be dismissed for lack of subject matter jurisdiction.

## II.  REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.[1] Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

Pro se pleadings are liberally construed in favor of the pro se party. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, pro se status does not offer a party an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

---

[1] The court also has an independent duty to review its jurisdiction and must dismiss an action any time it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Plaintiff seeks to bring defamation, invasion of privacy, negligence, and other state law claims against a slew of Defendants. Generally, he claims Defendants, some of whom are media entities, defamed him by reporting on his criminal conviction. He claims the reporting was defamatory because he claims he was wrongfully convicted. He also seeks to assert various federal claims under § 1983 against the Jefferson County District Attorney's Office and the Texas Department of Public Safety for his "wrongful" conviction. He contends the court has diversity jurisdiction and federal question jurisdiction.

The court notes that Jones has previously tried to assert federal claims against those whom he believes responsible for his "wrongful" conviction. *See Jones v. Heuer*, 1:23-CV-1396-RP (W.D. Tex. Filed Nov. 8, 2023). As noted in that case, "[i]n early 2018, he was convicted of fraud, money laundering, misappropriation and misapplication of fiduciary funds, and theft." Dkt. 7 in 1:23-CV-1396-RP. As further noted, "Texas' Ninth Court of Appeals affirmed Jones's conviction on July 24, 2019. *Jones v. State*, No. 09-18-00071-CR, 2019 Tex. App. LEXIS 6292, at *14 (Tex. App.—Beaumont July 24, 2019, pet. ref'd). And the Texas Court of Criminal Appeals denied his petition for discretionary review on October 23, 2019. *In re Jones*, No. PD-0861-19, 2019 Tex. Crim. App. LEXIS 1030, at *1 (Tex. Crim. App. Oct. 23, 2019)." *Id*. at 7-8.

Also as previously pointed out to Jones in the prior Report and Recommendation, "a county district attorney's office is not a legal entity capable of suing or being sued." *Williams v. Travis Cty. Sheriff's Office*, No. 1:23-CV-00496-RP, 2023 U.S. Dist. LEXIS 154417, at *10–11 (W.D. Tex. Jul. 5, 2023) (Pitman, J.) (collecting cases). Accordingly, Defendant Jefferson County District Attorney's Office should be dismissed from this case." *Id*. at 8.

Furthermore, "[t]he Eleventh Amendment to the United States Constitution bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the

federal government or another state, regardless of the nature of the relief requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988). Thus, the [Texas Department of Public Safety] is entitled to sovereign immunity unless Jones can invoke one of two exceptions to sovereign immunity: abrogation or waiver. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)." *Id*. at 9. There is no basis to believe either exception applies.

> Moreover,
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Jones has not alleged that his criminal conviction has been reversed, expunged, declared invalid, or called into question. Accordingly, Jones's federal claims should be dismissed.

Jones also asserts the court has diversity jurisdiction over his state-law claims. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003). However, Jones does not plead the citizenship of the individuals he attempts to sue, most of whom appear to have been Texas citizens at the relevant times.

Additionally, Jones seeks $250,000,000 in damages. Compl. ¶ 329. Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, in this case, it appears "to a legal certainty that the claim is

really for less than the jurisdictional amount. . . ." *See Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 588 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). As Jones concedes, he was convicted of his alleged crime. Beyond disputing the facts that go to the merits of that conviction, he alleges no other defamatory statements or wrongful conduct that could justify more than $75,000 in damages. Accordingly, he has also failed to show that the court has diversity jurisdiction.

### III. FRIVOLOUS LITIGANT WARNING

Jones has been declared a vexatious litigant in state court. *See* Compl. ¶ 326; *see also* Dkt. 7 at 14-16 in 1:23-CV-1396-RP. This is at least his second suit in this District concerning his criminal conviction in which the recommendation is to dismiss the case as frivolous. *See* 1:23-CV-1396-RP; *see also Jones v. Huebner*, 1:24-CV-604-RP (W.D. Tex.) (claims dismissed for failure to serve Defendants); *Jones v. Huebner*, 1:25-CV-897-RP (W.D. Tex.) (criminal claims against individuals dismissed).

It appears that he is continuing his vexatious pattern in this District. Unhappy with his criminal conviction, he attempts to relitigate it here. His claims are legally frivolous.

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360. In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*,

513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act sua sponte in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id*. Accordingly, the undersigned **WARNS** Jones that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

### IV.     ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Defendant's Application to Proceed *In Forma Pauperis* (Dkt. 2).  The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS** the case for lack of subject matter jurisdiction.

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### V.     WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted

7

by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED February 5, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE