IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES, | § | NO. 1:25-CV-1931-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| JENNIFER E. DOORNBOS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND
(2) DISMISSING SUIT WITH PREJUDICE

Before the Court is a Report and Recommendation ("the Recommendation") filed by U.S. Magistrate Judge Mark Lane on February 5, 2026. (Dkt. # 4.) Objections to the Recommendation were due within fourteen days after being served with a copy. The Clerk of Court sent the Recommendation to Plaintiff William Curtis Jones ("Plaintiff" or "Jones") via Certified Mail on February 19, 2026 (Dkt. # 5), and a Domestic Return Receipt was Executed as to Plaintiff on February 25, 2026 (Dkt. # 6). Plaintiff filed no objections.

After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Recommendation (Dkt. # 4) and **DISMISSES** Plaintiff's claims for lack of subject-matter jurisdiction.[1] (Id.)

BACKGROUND

The Court incorporates the relevant facts as recited in U.S. Magistrate Judge Lane's Recommendation (Dkt. # 4.) Plaintiff alleges that Defendants Hearst Communications, Inc., Beaumont Enterprise, Tegna, Inc. KBMT Channel 12 News a/k/a KBMT-KJAC, Sinclair Broadcast Group, Inc., KFDM Channel 6 News, Gray Television, Inc., Fox 4 Beaumont a/k/a KBTV-TV, Jennifer Elaine Doornbos, Liz Teitz, Dan Wallach, Kevin Steele, Phillip Klein, Jefferson County District Attorney's Office, and Texas Department of Public Safety (collectively, "Defendants"), are liable on a variety of state-law tort claims for their involvement in and reporting on his prior criminal conviction. (See Dkt. # 1.)

LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

[1] Here, the Court's dismissal for lack of subject-matter jurisdiction must be without prejudice. See, e.g., Mitchell v. Bailey, 982 F.3d 937, 944 (5th Cir. 2020); Campos v. United States, 888 F.3d 724, 738 (5th Cir. 2018). It is, however, an appealable order. See Umbrella Inv. Grp., L.L.C. v. Wolters Kluwer Fin. Servs., Inc., 972 F.3d 710, 712 (5th Cir. 2020) ("The dismissal of an action—whether with or without prejudice—is final and appealable." (quoting Ciralsky v. CIA, 355 F.3d 661, 666 (D.C. Cir. 2004)).

§ 636(b)(1)(C). However, the Court must review *de novo* any specific objections to the Magistrate Judge's Recommendation filed within fourteen days of being served a copy of such recommendations. See id. Findings to which no specific objections are made do not require *de novo* review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

In his Recommendation, Magistrate Judge Lane determined that Plaintiff's claims lacked merit. (Dkt. # 4 at 3.) His Recommendation detailed Plaintiff's prior proceedings before other Courts in this Division, which had adjudicated claims involving Plaintiff "against those whom he believes responsible for his 'wrongful' conviction." (Id. (citing Jones v. Heuer, 1:23-CV-1396- RP (W.D. Tex. Filed Nov. 8, 2023)). Plaintiff appealed that district court's ruling dismissing his claims to the Fifth Circuit, which, "as the district court did, . . . reject[ed]" his arguments. Jones v. Heuer, No. 24-50348, 2024 WL 4481852, at *2 (5th Cir. Oct. 14, 2024).

Furthermore, the Recommendation reasoned that sovereign immunity bars Plaintiff's claims against governmental entities for their involvement in his prosecution. (Id. at 3–4.) And it found Plaintiff's complaint to be defective because it does not properly plead the elements of diversity jurisdiction under 28

U.S.C § 1332. (Id. at 4–5 (explaining that Plaintiff did not plead the citizenship of the parties involved nor did he establish the damages at issue to be above $75,000 “to a legal certainty” (citation omitted)).) Specifically, Magistrate Judge Lane opined that Plaintiff, in “disputing the facts that go to the merits of that conviction . . . alleges no other defamatory statements or wrongful conduct that could justify more than $75,000 in damages.” (Id. at 5.) Accordingly, Plaintiff has also failed to show that the court has diversity jurisdiction.” (Id.)

Ultimately, upon review of the Recommendation and the relevant law discussed therein, the Court is satisfied that the Recommendation contains no clear error. See Wilson, 864 F.2d at 1221. It also concludes that the Recommendation accords with well-settled law. See id.

* * *

In closing, the Court acknowledges and **ADOPTS** the Recommendation’s frivolous litigant warning in full. (See Dkt. # 4 at 5–6.) The Court thus **WARNS** Plaintiff that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system. See, e.g., Baum v. Blue Moon Ventures, 513 F.3d 181, 187 (5th Cir. 2008); Qureshi v. United States, 600 F.3d 523, 526 (5th Cir. 2010).

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 4). **IT IS ORDERED** that Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The **CLERK** is **INSTRUCTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, November 19, 2026.

______________________________________

David Alan Ezra
Senior United States District Judge